## JAMES H. LAVELLE v. VERNON M. ANDERSON AND ANOTHER.[1]

April 17, 1936.

No. 30,881.

[1]Reported in 266 N. W. 445.

170

*Snyder, Gale & Richards* and *Edmund T. Montgomery,* for appellants.

*Orr, Stark & Kidder,* for respondent.

I. M. OLSEN, JUSTICE.

Defendants appeal from the judgment entered upon a verdict in plaintiff's favor for $209.58. The judgment was for the amount of the verdict plus the interest thereon and the costs and disbursements taxed. Prior to the judgment there was an alternative motion for judgment notwithstanding the verdict or for a new trial. No appeal was taken from the order denying this motion.

■ The action is one to recover for damages caused to plaintiff's automobile in a collision with a truck owned by defendant Anderson and driven by one of his servants. Plaintiff's automobile was driven by his son, Bart Lavelle. The questions of the negligence of defendant Anderson's servant, driving the truck, and of the contributory negligence of the son, driving plaintiff's automobile, were tried before the court and a jury and the verdict for plaintiff returned in the amount above stated. It is not contended on this appeal that the evidence is insufficient to sustain the findings of the jury that the driver of the truck was negligent and that his negligence was a proximate cause of the collision. Neither is it urged that the evidence was such as to require the jury to find that the driver of plaintiff's car was guilty of contributory negligence. De-

fendants' counsel frankly state in their brief that "all·the assignments of error involve essentially the same legal problem." The "problem" so presented arises as follows: By amendment to the answer at the trial it was alleged that plaintiff had released and discharged Bart Lavelle, the driver of plaintiff's car, from liability, and that Bart Lavelle was a joint tortfeasor with defendant Anderson's driver in causing the collision and damage to plaintiff's car; that thereby defendants were released and discharged from liability. It is further alleged that the plaintiff had been reimbursed and indemnified by Bart Lavelle, his son, the driver of the automobile, to the extent of $209.58 for damages to the car and to that extent cannot recover against defendants; that that constituted full accord and satisfaction for damage to the automobile.

Plaintiff's evidence shows that the son, of his own accord, originally had the automobile repaired and paid the repair bill of $209.58. Several months later plaintiff sold the car to his son for the price of $400. No part of the price has been paid. Plaintiff testified that the repair bill was taken into consideration; that, if he recovered from defendants, he was to pay or allow to the son the amount of the repair bill; and that, if the son paid the $400, plaintiff would allow him for what he had paid out for repair of the automobile. There is no showing that the father ever claimed that the son was liable for the damage to the car. The verdict of the jury necessarily means that they found the driver of the truck negligent and his negligence the proximate cause of the damage to plaintiff's car; also that they found the driver of plaintiff's car not guilty of any contributory negligence causing or contributing to cause the collision and damage. The verdict establishes the fact that the driver of plaintiff's car was not a joint tortfeasor in the matter. So no release of defendants can be claimed on that ground.

■ There is the further claim that nevertheless defendants should have credit for the $209.58 originally paid by plaintiff's son for repairs to the car. The son not being at fault and not legally liable to the plaintiff to pay for the repairs, the money so paid was either a donation to the father or money paid out for the father, which the son was entitled to have repaid to him. There is nothing in the

evidence which would justify the court or jury in finding that defendants were entitled to any credit or allowance for the money paid out by the son for repair of the car. The court did not err in instructing the jury as to testimony showing that the son paid for the repair of the car.

■ There is some claim that the plaintiff was not the real party in interest. It appears that the son caused the action to be instituted without any direct authority from the father. If any such authority were necessary, the father has ratified the acts of the son in that regard and is the real party in interest.

■ There was a motion made by defendants, after the entry of judgment, asking that the judgment "be satisfied and discharged to the extent of $209.58" and that defendants be given credit for that amount on the judgment. In effect, the motion was to set aside the verdict and judgment. The ground of that motion was the claim already herein disposed of, that the son was a joint tortfeasor and had paid this amount as such. The motion was denied and is attempted to be appealed from. No further discussion of that motion is required except to call attention to the fact that such a motion, on the grounds therein stated, could not be maintained, and the order denying such motion was not appealable. The question could be raised on an appeal from an order denying an alternative motion for judgment or a new trial, or on appeal from the judgment, as was here done.

The judgment appealed from is affirmed.